JACOB S. BROWN AND ANOTHER, CLAIMANTS, *v.* REUBEN R. WOOD, CONTRACTOR, AND OWEN O'CONNOR, OWNER.

In a proceeding to enforce a mechanic's lien, the service of the notice to appear and submit to an accounting, is in effect the commencement of a suit, and whether the owner appears or not on the day specified, the proceedings thereafter are as in an action.

The service of a defective bill of particulars constitutes no ground for dismissing the proceeding.

If the bill served is not sufficiently specific, the defendant may, before answering, require a further and more particular bill, under § 158 of the Code.

AT SPECIAL TERM, *December* 28, 1859.

Proceedings to foreclose a mechanic's lien. The claimant served upon the owner a notice in proper form, requiring him to appear in this court on this day, and submit to an accounting and settlement of the amount claimed to be due to the contractor. Attached to the notice was a bill of particulars of work and materials furnished towards the erection of a building owned by the defendant, "situate in the fourth ward, in the city of New York, on the west side of New Bowery, between James and Roosevelt streets." The bill was in the form following:

"Mr. Reuben R. Wood, contractor, and
      Owen O'Connor, owner,
             To
                Brown & Macomber,        *Dr.*
1859. To work done and performed, and materials
        furnished in flagging, &c.   -   -   -   $92."

On the day specified in the notice, counsel for the respective parties appeared, and on behalf of the defendants it was asked that the proceedings be dismissed, upon the ground that the bill of particulars was indefinite and insufficient, and not in accordance with the provisions and requirements of the Mechanics' Lien Law.

*John H. McCunn,* for the claimant.

*Charles W. Kline,* for the owner and contractor.

DALY, First Judge.—The service of the notice is in effect the commencement of a suit; for whether the owner appears or not upon the day named in the notice, the proceedings are conducted thereafter, and judgment entered up, as in an action. *Reynolds* v. *Hamil,* 1 Code R. (N. S.) 231; *Smith* v. *Manice,* id. 230. The bill of particulars may be served at any time within fifteen days after service of the notice. The statute does not declare what it shall contain, further than that it is to be a bill of particulars of the amount claimed. The bill served in this case, taken in connection with the notice, is specific as to the amount claimed, and that it is claimed for flagging and furnishing the blue stone used *in* and *about* the building described in the notice as the one upon which a lien has been effected. If the bill is not as specific or particular as would be required in an ordinary action, that is no ground for setting aside the proceeding, as, after the complaint is served, the defendants, before answering, may, under section 158 of the Code, require the plaintiff to furnish a further and more particular bill.

Motion denied.